Huang v. Garland

BIA
Wright, IJ
A206 264 417

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

---

CHUN MEI HUANG,
> *Petitioner,*

v.                                                  19-3281
                                                     NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER:      Lewis G. Hu, Esq., New York, NY.

FOR RESPONDENT:      David J. Schor, Trial Attorney, Office of Immigration Litigation; Brian M. Boynton, Acting Assistant

Attorney General; Kohsei Ugumori, Senior Litigation Counsel; United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chun Mei Huang, a native and citizen of the People's Republic of China, seeks review of a September 16, 2019 decision of the BIA affirming a December 20, 2017 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Chun Mei Huang,* No. A 206 264 417 (B.I.A. Sept. 16, 2019), *aff'g* No. A 206 264 417 (Immigr. Ct. N.Y.C. Dec. 20, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be

2

compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). An IJ may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements or between her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The IJ's findings, taken cumulatively, provide substantial evidence for the adverse credibility determination.

The agency reasonably relied on Huang's omission of the forced abortion during her initial border interview. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Huang stated that she left China because she was harmed by her village's government and,

3

when the interviewer asked whether she was physically harmed or threatened with death, Huang responded that the government forced her to have an intra-uterine device, threatened to sterilize her, and beat her husband. The agency did not err in relying on the omission. The record of Huang's border interview was sufficiently reliable because it consists of a verbatim list of questions and answers, the interviewer asked a follow-up question to elicit an asylum claim, and there is no indication that Huang had difficulty understanding the interpreter. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir. 2004). Although omissions may be "less probative of credibility than inconsistencies," this is a fact that "a credible petitioner would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78–79. Given the indicia of reliability of the interview record, the agency was not compelled to accept Huang's explanation that the interpreter may not have heard her response. *See Majidi v. Gonzalez*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled*

4

to credit h[er] testimony." (internal quotation marks omitted)).

The adverse credibility is bolstered by Huang's admission that she lied in her border interview about her travel to the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing the IJ to consider "any inaccuracies or falsehoods"); *see Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). And, as the IJ noted, Huang gave inconsistent dates for her pregnancy and abortion during her credible fear interview. Although she corrected the dates, we defer to the IJ's interpretation of her confusion as evidence that Huang appeared to be testifying from a script, rather than from memory. *See Siewe*, 480 F.3d at 167–68 (deferring to the agency where there are two possible interpretations of the record).

Finally, the IJ reasonably determined that Huang's documentary evidence failed to rehabilitate her inconsistent testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d

Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in giving diminished weight to the letter from Huang's husband because it was written by an interested party who was not subject to cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (upholding agency's decision not to credit letter from applicant's spouse); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from friends and family insufficient to support alien's claims because the authors were "interested witnesses . . . not subject to cross-examination"), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). The IJ also reasonably gave diminished weight to Huang's U.S. medical records because they were based on her own statements years after the abortion. *See Y.C.*, 741 F.3d at 332. And as the IJ pointed out, the medical documentation from China referenced an abortion, but did not corroborate that the abortion was forced.

In sum, taken cumulatively and given the deference due to the agency, the IJ's findings provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7